UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM MADDOX                                                          PLAINTIFF

v.                              No. 3:16-CV-00172-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                          DEFENDANT

## ORDER REMANDING TO THE COMMISSIONER

William Maddox ("Maddox") applied for social security disability benefits with an alleged disability onset date of May 31, 2015. (R. at 54). After a hearing, the administrative law judge ("ALJ") denied his application. (R. at 22). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Maddox has requested judicial review.[1]

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

## I.   The Commissioner's Decision

The ALJ found that Maddox had the severe impairments of lumbar degenerative disk disease, status post diskectomy; major depressive disorder; and anxiety disorder. (R. at 12). The ALJ held that Maddox had the residual functional capacity ("RFC") to perform light work except that he: can never climb ladders,

---

[1]The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

1

ropes, or scaffolds; can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid unprotected heights; is limited to unskilled work consisting of simple, routine, repetitive tasks where the supervision required is simple, direct, and concrete, with SVP 1 or 2 jobs that can be learned within thirty days; and can tolerate no more than occasional changes to the workplace setting. (R. at 14–15). The ALJ determined that Maddox was unable to return to past relevant work. (R. at 20). However, after hearing testimony from a vocational expert, the ALJ determined that Maddox could perform other jobs available in the national economy, such as work as a marking clerk, hand bander, or meat stringer. (R. at 21). Therefore, the ALJ held that Maddox was not disabled. (R. at 22).

## II. Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Maddox maintains that the ALJ erred in failing to properly assess his mental impairments. Specifically, Maddox contends that the ALJ improperly assessed the opinion of his treating psychologist. He also contends that the ALJ failed to fully and fairly develop the record. Because the Court finds that the ALJ failed to properly assess the opinion of Maddox's treating psychologist, it is unnecessary to reach his other contentions.

Maddox notes a number of errors in the ALJ's evaluation of the opinion of Roger D. Morgan, M.D., a treating psychologist. He first contends that the ALJ misread Dr. Morgan's opinion. The ALJ stated that Dr. Morgan found "marked" limitations in Maddox's ability: to maintain attention and concentration for extended periods; to make simple, work-related decisions; to interact appropriately with the general public; to respond appropriately to changes in the work setting; and to set realistic goals or make plans independently of others. (R. at 18). In fact, Dr. Morgan's opinion only notes marked limitations in Maddox's ability to maintain attention and concentration for extended periods *and* the ability to work in coordination in proximity to others without being distracted by them. (R. at 640). The photocopy of Dr. Morgan's opinion regarding Maddox's ability to make simple, work-related decisions is "cut off," so there is no way of knowing from the record

his opinion in that area. (R. at 640). Dr. Morgan also found moderate to marked limitations in Maddox's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 641). Notably, Dr. Morgan found only moderate limitations in the other areas that the ALJ stated were listed as marked limitations. (R. at 640–41). The ALJ specifically declined to give Dr. Morgan's opinion great weight based on the erroneous determination that he had assigned so many marked limitations to Maddox. (R. at 18). The Commissioner argues that this error is harmless, a clearly specious argument given the fact the ALJ *discounted* Dr. Morgan's opinion based on the erroneous determination he allegedly had evaluated "too many" of Maddox's limitations to be "marked."

Maddox also observes that the ALJ regarded one of Dr. Morgan's treatment notes, that Maddox's "[c]ognition is intact," as contradictory to his opinion that Maddox evidenced cognitive decline. (R. at 18, 641, 650). There is nothing to suggest that these terms are mutually exclusive, *i.e.*, a person suffering cognitive decline can still have intact, albeit declining, cognition.

"Whether the ALJ gives great or small weight to the opinions of treating physicians, the ALJ must give good reasons for giving the opinions that weight." *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). In this instance, the ALJ's

reasoning is based on an incorrect reading of the opinion. Because such mistakes cannot constitute "good reason," the ALJ's decision must be reversed.

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. After reviewing the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing, the Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Therefore, this case must be REVERSED and REMANDED, with instructions for the ALJ to further develop the record and to properly evaluate the opinion of Maddox's treating psychologist.

It is so ordered this 10th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE